UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X

In re Chapter 13

Case #: 19-72975-ast

DONNA M. FALCO,

Debtor.
-----------------------------------X

**NOTICE OF PRESENTMENT OF ORDER**
**APPROVING MORTGAGE MODIFICATION**

**PLEASE TAKE NOTICE** that upon the annexed affirmation of ADAM C. GOMERMAN, attorney for the debtor herein, an Order, a copy of which is annexed hereto, shall be presented to the Honorable Alan S. Trust, United States Bankruptcy Judge, Courtroom 760, at the United States Bankruptcy Court for the Eastern District of New York, at the Long Island Federal Courthouse, 290 Federal Plaza, Central Islip, New York 11722, on **May 6, 2021** at **9:00 am**, pursuant to 11 U.S.C. Sections 362 and 364, (a) approving the proposed modification agreement between the Debtor and Sterling National Bank affecting the first mortgage encumbering the Debtor's homestead located at 26 Quincy Place, West Islip, NY 11795; and (b) modifying the automatic stay for the sole purpose of allowing the Debtor to execute and record said mortgage modification agreement with Sterling National Bank, together with such other and further relief that this Court may deem just and proper.

PLEASE TAKE FURTHER NOTICE, that if you have good reason to object to the granting of the proposed order, you must do so in writing at least three (3) business days before the order is to be signed. You must serve the undersigned and all entities to whom this motion has been noticed, as indicated on the attached Affirmation of Mailing, with a copy of your objections stating the legal grounds and facts to establish the reasons for your objection.

**PLEASE BE ADVISED THAT IF AN OBJECTION IS TIMELY FILED TO THE REQUESTED RELIEF, OR IF THE COURT DETERMINES THAT A HEARING IS APPROPRIATE, THE COURT WILL SCHEDULE A HEARING. NOTICE OF SUCH A HEARING WILL BE PROVIDED BY THE MOVANT.**

Your objection must conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court, must be filed electronically in accordance with General Order #462 (which can be found at the Court's official website www.nyeb.uscourt.gov) by registered users of the Bankruptcy Court's electronic filing system, and by all other parties in

interest on a 3.5 inch computer disk in Portable Document Format (PDF), Corel WordPerfect, Microsoft Word, DOS text or a scanned image file with an accompanying hard copy to the Judge's Chambers at the above address together with proof by affidavit, admission or otherwise that copies have been properly served. If no proper objections are timely filed and served and the Judge is satisfied from the application that the moving party is entitled to the requested relief, the Court may grant such relief without further hearing.

Dated: Huntington Station, NY
April 15, 2021

/s Adam C. Gomerman

ADAM C. GOMERMAN, ESQ.
Attorney for the Debtor
807 East Jericho Tpke.
Huntington Station, NY 11746
(631)549-1111

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X

In re Chapter 13

Case #: 19-72975-ast

DONNA M. FALCO,

Debtor.
-----------------------------------X

**AFFIRMATION IN SUPPORT OF MOTION**

ADAM C. GOMERMAN, ESQ., the undersigned attorney duly admitted to practice law before the Courts of the State of New York, and the United States District Court for the Eastern District of New York, affirms the following under penalty of perjury:

1. I am the attorney for the Debtor herein and, as such, I am fully familiar with all the facts and circumstances of this matter.

2. The Debtor is the fee owner of the residence located at 26 Quincy Place, West Islip, NY 11795. This property is the homestead of the debtor.

3. The Debtor seeks to obtain this Court's approval of a certain Mortgage Modification Agreement with Sterling National Bank. The proposed Agreement modifies the terms of the first mortgage lien security interest, held by Sterling National Bank, in and to a certain Fixed Rate Note and Mortgage executed by the Debtor in favor of Sterling National Bank.

4. The Debtor commenced the instant Chapter 13 proceeding with this Court on April 24, 2019, and relief was ordered that same day.

5. During the prosecution of the instant case, the parties negotiated a loan modification agreement whereby Sterling National Bank agreed to modify and reduce the Debtor's monthly payment amount to $2,536.41, including escrows for taxes and insurance. This modification would maintain the interest rate at 5.875% for the remainder of the loan, which shall be extended to a 40 year term. In addition, any and all post-petition arrears owed to Sterling National Bank will be added to the balance of the loan and the debtor will be brought current. A copy of the mortgage modification proposal is annexed hereto as Exhibit "A".

6. The Debtor seeks this Court's consent to enter into said Modification Agreement and further requests that the automatic stay be modified as to the Debtor and Sterling National Bank to execute and record the subject Agreement.

7. No prior application requesting the relief herein has been made.

WHEREFORE, it is respectfully requested that an Order be entered (a) authorizing the parties to modify the existing first mortgage against the homestead; (b) modifying the automatic stay for the sole purpose of executing and record the Mortgage Modification Agreement, and granting such other and further relief as this Court may deem just and proper.

Dated: April 15, 2021
Huntington Station, NY

/s Adam C. Gomerman

Adam C. Gomerman, Esq.
Attorney for Debtor
807 East Jericho Turnpike
Huntington Station, NY 11746
(631)549-1111

EXHIBIT "A"

**After Recording Please Mail To:**
**Dovenmuehle Mortage Inc.**

**1 Corporate Drive, Ste 360**
**Lake Zurich, IL 60047**

**District/Section/Block/Lot 38800/0100/088000**

**"The Premises is or will be improved with a one or two family house or dwelling"**

*[Space Above This Line For Recording Data]*

**Original Principal Amount $202,000.00**
**Unpaid Principal Amount $161,636.57**
**New Principal Amount $248,101.42**
**Total Cap Amount $86,464.85**

**Investor Loan No**
**Loan No: 5**

# LOAN MODIFICATION AGREEMENT (MORTGAGE)
# (Providing for Fixed Interest Rate)

This Loan Modification Agreement ("Agreement"), made this **16th** day of **February, 2021**, between **THOMAS J. SARCONA AND DONNA M. SARCONA** ("Borrower") whose address is **26 QUINCY PLACE, WEST ISLIP, NY 11795** and **STERLING NATIONAL BANK, SUCCESSOR BY MERGER TO ASTORIA BANK F/K/A ASTORIA FEDERAL SAVINGS AND LOAN ASSOCIATION** ("Lender") whose address is **1 CORPORATE DR, SUITE 360, LAKE ZURICH, IL 60047**, amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), and Timely Payment Rewards Rider, if any, dated **August 26, 2003**, in the amount of **$202,000.00** and recorded on **December 16, 2003** in Book, Volume, or Liber No. **M00020597**, at Page **118** (or as Instrument No. **N/A**) , of the **Official** (Name of Records) Records of **Suffolk, NEW YORK** (County and State, or other jurisdiction) and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at

**26 QUINCY PLACE, WEST ISLIP, NY 11795**
(Property Address)

the real property described being set forth as follows:
**SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF:**

**CHAIN OF TITLE: SEE EXHIBIT "B" ATTACHED HERETO AND MADE A PART HEREOF:**

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):


**©2001-2017, The Compliance Source, Inc.**



1. As of **April 1, 2021**, the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. **$248,101.42**, consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized.

2. Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of **5.875%**, from **April 1, 2021**. Borrower promises to make monthly payments of principal and interest of U.S. **$1,343.53**, beginning on the **1st** day of **May, 2021**, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. The yearly rate of **5.875%** will remain in effect until principal and interest are paid in full. If on **April 1, 2061** (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

3. If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument.

   If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

4. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

   a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note, including, where applicable, the Timely Payment Rewards rate reduction, as described in paragraph 1 of the Timely Payment Rewards Addendum to Note and paragraph A.1. of the Timely Payment Rewards Rider. By executing this Agreement, Borrower waives any Timely Payment Rewards rate reduction to which Borrower may have otherwise been entitled; and

   b) all terms and provisions of any adjustable rate rider, or Timely Payment Rewards Rider, where applicable, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

5. Borrower understands and agrees that:

   a) All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.


**©2001-2017, The Compliance Source, Inc.**



b) All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

c) Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

d) All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

e) Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

f) Borrower authorizes Lender, and Lender's successors and assigns, to share Borrower information including, but not limited to (i) name, address, and telephone number, (ii) Social Security Number, (iii) credit score, (iv) income, (v) payment history, (vi) account balances and activity, including information about any modification or foreclosure relief programs, with Third Parties that can assist Lender and Borrower in obtaining a foreclosure prevention alternative, or otherwise provide support services related to Borrower's loan. For purposes of this section, Third Parties include a counseling agency, state or local Housing Finance Agency or similar entity, any insurer, guarantor, or servicer that insures, guarantees, or services Borrower's loan or any other mortgage loan secured by the Property on which Borrower is obligated, or to any companies that perform support services to them in connection with Borrower's loan.

Borrower consents to being contacted by Lender or Third Parties concerning mortgage assistance relating to Borrower's loan including the trial period plan to modify Borrower's loan, at any telephone number, including mobile telephone number, or email address Borrower has provided to Lender or Third Parties.

By checking this box, Borrower also consents to being contacted by text messaging ☐.

6. By this paragraph, Lender is notifying Borrower that any prior waiver by Lender of Borrower's obligation to pay to Lender Funds for any or all Escrow Items is hereby revoked, and Borrower has been advised of the amount needed to fully fund the Escrow Items.

7. Borrower will pay to Lender on the day payments are due under the Loan Documents as amended by this Agreement, until the Loan is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over the





Mortgage as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under the Loan Documents; (d) mortgage insurance premiums, if any, or any sums payable to Lender in lieu of the payment of mortgage insurance premiums in accordance with the Loan Documents; and (e) any community association dues, fees, and assessments that Lender requires to be escrowed. These items are called "Escrow Items." Borrower shall promptly furnish to Lender all notices of amounts to be paid under this paragraph. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in the Loan Documents, as the phrase "covenant and agreement" is used in the Loan Documents. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under the Loan Documents and this Agreement and pay such amount and Borrower shall then be obligated to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with the Loan Documents, and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this paragraph.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under the Real Estate Settlement Procedures Act ("RESPA"), and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Unless an agreement is made in writing or applicable law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender and Borrower can agree in writing, however, that interest shall be paid on the Funds. Lender shall provide Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.


**©2001-2017, The Compliance Source, Inc.**



Upon payment in full of all sums secured by the Loan Documents, Lender shall promptly refund to Borrower any Funds held by Lender.

Borrower - THOMAS J. SARCONA Date: 3/1/21

Borrower - DONNA M. SARCONA Date: 3/1/21

## ACKNOWLEDGMENT

State of New York §
§
County of Suffolk §

On the 1st day of March, in the year 2021 before me, Adam Gomerman, the undersigned, a Notary Public in and for said State, personally appeared **THOMAS J. SARCONA AND DONNA M. SARCONA** personally known to me (or proved to me on the basis of satisfactory evidence) to be the individual(s) whose name is(are) subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity(ies) and that by his/her signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

Signature of Individual Taking Acknowledgment

Adam Gomerman
Printed Name

Office of Individual Taking Acknowledgment

My Commission Expires: 12/30/2021

ADAM GOMERMAN
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02GO4990299
Qualified in Suffolk County
Commission Expires December 30, 2021
(Seal)


©2001-2017, The Compliance Source, Inc.



ACCEPTED AND AGREED TO BY THE OWNER AND HOLDER OF SAID NOTE
**STERLING NATIONAL BANK, SUCCESSOR BY MERGER TO ASTORIA BANK F/K/A ASTORIA FEDERAL SAVINGS AND LOAN ASSOCIATION**

By: [signature] Greg Perry -Lender 4/08/2021 Date of Lender's Signature

**ACKNOWLEDGMENT**

State of IL §
§
County of Lake §

On this 8 day of April in the year 2021, before me, the undersigned, a Notary Public in and for said State, personally appeared Greg Perry the Authorized Signer, personally known to me (or proved to me on the basis of satisfactory evidence) to be the individual(s) whose name is(are) subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity(ies) and that by his/her signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

Lake Zurich in Lake County, IL
(insert the city or other political subdivision) (and insert the State and County or other place the acknowledgment was taken)

Richard A Radwan
Signature of Individual Taking Acknowledgment

Richard A. Radwan
Printed Name

Notary Public
Office of Individual Taking Acknowledgment

My Commission Expires: 6/30/2024

(Seal)

OFFICIAL SEAL
RICHARD A RADWAN
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:06/30/24


**©2001-2017, The Compliance Source, Inc.**



**EXHIBIT A**

**BORROWER(S): THOMAS J. SARCONA AND DONNA M. SARCONA**

**LOAN NUMBER:**

**LEGAL DESCRIPTION:**

**STATE OF NEW YORK, COUNTY OF SUFFOLK, AND DESCRIBED AS FOLLOWS:**

**ALL THAT CERTAIN PLOT, PIECE OR PARCEL OF LAND WITH THE BUILDINGS AND IMPROVEMENTS THEREON ERECTED, SITUATE, LYING AND BEING IN THE TOWN OF ISLIP, COUNTY OF SUFFOLK AND STATE OF NEW YORK, KNOWN AND DESIGNATED AS PART OF LOTS 29 TO 33, BLOCK 16 ON A CERTAIN MAP ENTITLED, "MAP OF NEW COLONIAL MANOR", AND RUED IN THE OFFICE OF THE CLERK OF THE COUNTY OF SUFFOLK ON APRIL 14, 1909 AS MAP NO. 393, BOUNDED AND DESCRIBED AS FOLLOWS: BEGINNING AT THE CORNER FORMED BY THE INTERACTION OF THE NEW SOUTHERLY SIDE OF SCOTT AVENUE AS WIDENED THE NEW WESTERLY SIDE OF QUINCY PLACE OF WIDENED; RUNNING THENCE SOUTH 15 DEGREES 00 MINUTES 10 SECONDS WEST ALONG THE NEW WESTERLY SIDE OF QUINCY PLACE AS WIDENED 95.00 FEET; THENCE NORTH 74 DEGREES 59 MINUTES 50 SECONDS WEST, 95.00 FEET; THENCE NORTH 15 DEGREES 00 MINUTES 10 SECONDS EAST, 95.00 FEET TO THE NEW SOUTHERLY SIDE OF SCOTT AVENUE AS WIDENED; THENCE SOUTH 74 DEGREES 59 MINUTES 50 SECONDS EAST ALONG THE NEW SOUTHERLY SIDE OF SCOTT AVENUE, 95.00 FEET TO THE CORNER AT THE POINT OR PLACE OF BEGINNING.**

**ALSO KNOWN AS: 26 QUINCY PLACE, WEST ISLIP, NY 11795**


©2001-2017, The Compliance Source, Inc.

**EXHIBIT B**

**LOAN NUMBER:**

**ALSO KNOWN AS: 26 QUINCY PLACE, WEST ISLIP, NY 11795**

**CHAIN OF TITLE:**

Mortgages above were then Consolidated, Extended and Modified to form a single lien of **$202,000.00** by a Consolidation Agreement from **THOMAS J SARCONA & DONNA M SARCONA FKA DONNA M FALCO** to **ASTORIA FEDERAL SAVINGS & LOAN ASSOCIATION** dated **August 26, 2003** and recorded on **December 16, 2003** in BOOK **M00020597** PAGE **118**. Mortgage Tax Paid: **$0.00**


**©2001-2017, The Compliance Source, Inc.**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X

In re

Chapter 13

Case #: 19-72975-ast

DONNA M. FALCO,

Debtor.
-----------------------------------X

**ORDER APPROVING MORTGAGE MODIFICATION**

**UPON THE MOTION** of the Debtor, DONNA M. FALCO, dated April 15, 2021, pursuant to 11 U.S.C. Sections 362 and 364 seeking authority of this Court to modify the first mortgage encumbering real property located at 26 Quincy Place, West Islip, NY 11795, and appearing that due notice of the application having been made, and there being no opposition thereto and sufficient cause appearing thereof, it is

**ORDERED**, that the Debtor, DONNA M. FALCO, and Sterling National Bank are hereby authorized to enter into the Mortgage Modification Agreement as annexed as Exhibit "A" to the motion, to modify the terms of the first mortgage lien encumbering certain real property known as 26 Quincy Place, West Islip, NY 11795; and it is further

**ORDERED**, that the automatic stay imposed upon filing of the within bankruptcy case is hereby modified for the sole purpose of allowing the Debtor and Sterling National Bank to execute and record the Mortgage Modification Agreement proposed in the annexed Exhibit "A" to the motion.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X

In re Chapter 13

Case #: 19-72975-ast

DONNA M. FALCO,

Debtor.
-----------------------------------X

**AFFIDAVIT OF SERVICE**

Maria Goldman, being duly sworn, deposes and says:

1. I am not a party to this action, I am over eighteen years of age and reside in Lindenhurst, New York.

2. On April 15, 2021, I served a Notice of Presentment of Order, Proposed Order and Support Documents by depositing a true copy, thereof, enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to:

Marianne DeRosa, Trustee
125 Jericho Turnpike; Suite 105
Jericho, NY 11753

US Trustee
560 Federal Plaza
Central Islip, NY 11722

NY State Department
of Taxation and Finance
Civil Enforcement
W A Harriman State Campus
Albany, NY 12227-0001

Sterling National Bank
400 Rella Blvd.
Montebello, NY 10901

Stern & Eisenberg PC
485B Route 1 South

Suite 330
Iselin, NJ 08830

Dated: Huntington Station, New York
April 15, 2021

/s Maria Goldman

______________________________
Maria Goldman

Sworn to before me this
15th day of April, 2021

/s Adam C. Gomerman

______________________________
Notary Public